**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELIJAH MURPHY, ) | |
| ) | |
| Plaintiff, ) | **CASE NO. _____** |
| ) | |
| v. ) | **JUDGE _____** |
| ) | |
| EVANSTON POLICE DETECTIVE LUIS VELEZ; ) | |
| EVANSTON POLICE DETECTIVE RYAN ) | |
| KLEINPASTE; and CITY OF EVANSTON, ) | **JURY TRIAL DEMANDED** |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Elijah Murphy, by and through his undersigned attorneys, respectfully submits

the following Complaint against Evanston Police Detective Luis Velez, Evanston Police Detective

Ryan Kleinpaste, and the City of Evanston, and alleges and states as follows:

**PARTIES**

1.      At all relevant times, Mr. Murphy was a resident of Cook County, Illinois.

2.      At all relevant times, Defendant, Evanston Police Detective Luis Velez ("Velez"),

was a resident of Cook County, Illinois and this Judicial District.

3.      At all relevant times, Defendant, Evanston Police Detective Ryan Kleinpaste

("Kleinpaste"), was a resident of Cook County, Illinois and this Judicial District.

4.      Defendant, City of Evanston, Illinois ("Evanston"), is a municipal corporation

located in Cook County, Illinois.

**JURISDICTION AND VENUE**

5.      This Court has federal question jurisdiction over this matter, and venue in this

District is proper because each of the individual Defendants resides in this District; the City of

Evanston is a municipal corporation located in this district, and all the events and omissions giving rise to Mr. Murphy's claims occurred in this District. As set forth below, Mr. Murphy brings multiple counts under Federal law for civil damages pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's Constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1343.

## FACTUAL BACKGROUND

6.      On or about May 28, 2018, in the early evening hours, Mr. Murphy was lawfully sitting in a car, located in a parking lot at or near the location of 825 Hinman Avenue in Evanston, Illinois.

7.      Mr. Murphy was dropped off at the parking lot by friends, and was waiting to meet his girlfriend, whose mother had rented the vehicle Mr. Murphy was sitting in.

8.      Mr. Murphy did *not* have any bags, guns, or drugs on his person – nor to his knowledge were there any in the car.

9.      Mr. Murphy was *not* using or smoking marijuana in the car or anywhere near it.

10.     Mr. Murphy exited the vehicle, and closed and locked it.

11.     There was no smell or stench of marijuana in or near the vehicle.

12.     After Mr. Murphy got out of the car, he walked directly towards Defendants.

13.     Defendants Velez and Kleinpaste stopped Mr. Murphy and told Mr. Murphy that they needed to search him real quick or words to that effect.

14.     Defendant Velez then used a key he obtained from Mr. Murphy to open and search the car.

15.     Neither of the Defendants asked Mr. Murphy's permission or received his authorization or consent prior to opening and searching the car. Mr. Murphy did *not* give the Defendants permission to open the car – or even take and use the key to do so.

16.     Defendant Velez then searched the car.

17.     The Defendants arrested Mr. Murphy based upon a gun that they recovered during the search of the car. The gun was *not* in plain view or visible to Mr. Murphy; instead, it was in a bag that was on the floor of the passenger side of the car. That bag did *not* belong to Mr. Murphy but rather to his girlfriend. The possessions in that bag were identifiable to Mr. Murphy's girlfriend. There was no probable cause to believe the gun belonged to Mr. Murphy.

18.     As the basis for Mr. Murphy's arrest, Defendants claimed that they had probable cause to search the car based upon a purported strong odor or "stench" of marijuana outside the car. In fact, the Defendants falsely claimed that they could actually smell this strong "stench" of marijuana when they were across the parking lot from the car.

19.     The Defendants took Mr. Murphy into custody that same night, and sought approval of felony charges from the Cook County State's Attorney's Office.

20.     The Defendants provided a false police report and information to the Cook County State's Attorney's Office, falsely indicating that they detected a stench of marijuana and that Mr. Murphy possessed a firearm. The Defendants falsely indicated that the firearm was in plain view, concealing the fact that the firearm was in a bag belonging to someone else and not visible to Mr. Murphy.

21.     The incident report prepared by Velez included a number of false and fabricated claims, including that:

        (a)     There was a strong odor of cannabis as the Defendants were "passing through" the parking lot;

(b)     As they approached the vehicle Mr. Murphy was sitting in "the smell of cannabis intensified;"

(c)     There was "a long black object protruding from an open black bag on the floor board just to the right of the gear shifter," which Velez recognized "to be a pistol magazine used to hold ammunition;" and

(d)     "It should be noted, the handgun and extended magazine was protruding from the open small bag."

22.     Defendant Kleinpaste related this false and fabricated information to a Felony Review Assistant State's Attorney, who approved the charge of Armed Habitual Criminal, 720 ILCS 5/24-1/7(a)(1)(2) – a Class X felony punishable by 6 to 30 years imprisonment.

23.     This felony charge was approved based on the false information and report provided by the Defendants. As a result of the false information supplied by Defendants, Mr. Murphy was also falsely charged with being in violation of his parole, pursuant to 720 ILCS 5/3/3-9; and of a civil violation of 720 ILCS 550/4(a).

24.     From the time of his arrest on the evening of May 28, 2018, until approximately October 17, 2018, Mr. Murphy was in the custody of the Cook County Department of Corrections at Cook County Jail, located at 26th and California in Chicago.

25.     During that time period, Mr. Murphy was detained and was forced to remain in the conditions of Cook County Jail, pending the outcome of the false State Court criminal proceedings instituted by Defendants.

26.     During that time period, Mr. Murphy was required to appear in Cook County Criminal Court on various occasions for a crime for which he had been charged but which he had not committed.

27.     On or about October 17, 2018, Mr. Murphy was taken in federal custody based on the false police report and false information provided by Defendants.  The same false facts that

were used as the basis for Mr. Murphy's arrest and charging in Cook County Criminal Court were used to charge him in federal court. Mr. Murphy was falsely charged in federal court, in the Northern District of Illinois, Eastern Division (Chicago), with being a felon in possession of a firearm, in violation of 18 U.S.C., Section 922(g)(1). Upon institution of the federal criminal proceeding, the Illinois state criminal proceeding was dismissed via *nolle prosequi* by the State.

28.     Mr. Murphy was detained in federal custody from on or about October 17, 2018, until on or about November 28, 2018 – at which time he was finally granted release from the MCC pending the outcome of the federal proceedings.  However, even then, Mr. Murphy, pursuant to the terms of his release from federal custody, was essentially limited to his place of residence and was at all times on electronic monitoring.

29.     In the federal proceeding, on or about December 10, 2018, Mr. Murphy's counsel filed a motion to quash the arrest of Mr. Murphy, based upon the lack of probable cause to arrest him in the first instance.

30.     On April 10, 2019, in the federal proceeding, the Honorable Judge Kennelly held an evidentiary hearing on Mr. Murphy's motion to quash.  At that hearing, both of the Defendants testified under oath.

31.     On April 22, 2019, Judge Kennelly read his Opinion from the bench.  Judge Kennelly granted Mr. Murphy's motion to quash.  In so finding, Judge Kennelly specifically found that the testimony of Defendants Velez and Kleinpaste was *not* credible.

32.     On May 1, 2019, the United States Attorneys' Office for the Northern District of Illinois dismissed all charges against Mr. Murphy.

**COUNT I** – **42 U.S.C. § 1983 Unlawful Detention**
**(Against the Individual Defendants)**

33.     Mr. Murphy repeats and realleges paragraphs 1 through 32 above, as though fully set forth herein, as paragraph 33 of Count I.

34.     Defendants caused Plaintiff to be unreasonably seized and improperly subjected to judicial proceedings for which they knew there was no probable cause.

35.     Based on the false information supplied by Defendants, Mr. Murphy was unlawfully detained without probable cause in violation of the Fourth Amendment for nearly one year.

36.     As a result of the misconduct of the Defendants described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, lost wages, and other grievous and continuing injuries and damages.

**WHEREFORE**, Plaintiff, Elijah Murphy, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against the individual Defendants on Count I of his Complaint, awarding him all compensatory damages to which he is entitled to recover, as well as costs and punitive damages, and all such other damages and further relief as the fact finder deems just and proper, post-judgment interest and for his reasonable attorneys' fees.

**COUNT II** – **42 U.S.C. § 1983 Conspiracy to Deprive Constitutional Rights**
**(Against the Individual Defendants)**

37.     Mr. Murphy repeats and realleges paragraphs 1 through 32 above, as though fully set forth herein, as paragraph 37 of Count II.

38.     The individual Defendants reached an agreement among themselves to deprive Mr. Murphy of his constitutional rights by unlawfully stopping and searching Mr. Murphy, fabricating

evidence that would be used to arrest and prosecute Plaintiff, and withholding exculpatory information from Plaintiff's defense and the prosecution, as described above.

39. In addition, Defendants agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

40. In so doing, Defendants conspired to accomplish an unlawful purpose by an unlawful means.

41. In furtherance of their conspiracy, each of the Defendants committed overt acts and were otherwise willful participants in joint activity.

42. The misconduct described in this count was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of Mr. Murphy.

43. As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages.

**WHEREFORE**, Plaintiff, Elijah Murphy, by and through his undersigned counsel, respectfully requests the entry of an Order granting judgment in his favor and against the individual Defendants on Count II of his Complaint, awarding him all compensatory damages to which he is entitled to recover, as well as costs and punitive damages, and all such other damages and further relief as the fact finder deems just and proper, post-judgment interest and for his reasonable attorneys' fees.

### COUNT III - Indemnification (Against City of Evanston)

44. Mr. Murphy realleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 32 above, as paragraph 44 of Count III.

7

45.     In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  *See* 735 ILCS 10/9-102. 77.

46.     Here, the individual Defendants are and were acting as employees of Evanston, and acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, Elijah Murphy, by and through his undersigned counsel, respectfully requests the entry of judgment in his favor and against Defendant Evanston, on Count III of his Complaint, awarding him all compensatory damages to which he is entitled to recover, as well as costs, and all such other damages and further relief as the fact finder deems just and proper, post-judgment interest, and for his reasonable attorneys' fees.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATE: July 30, 2020                                    Respectfully Submitted,

                                                       ELIJAH MURPHY

                                                       By:  /s/Michael Leonard
                                                       *Counsel for Plaintiff*

                                                       Michael I. Leonard
                                                       Rebecca Chacko
                                                       **LEONARDMEYER, LLP**
                                                       120 N. LaSalle Street, 20th Floor
                                                       Chicago, IL 60602
                                                       (312)380-6559 (direct)
                                                       (312)264-0671 (fax)
                                                       mleonard@leonardmeyerllp.com
                                                       rchacko@leonardmeyerllp.com

                                                       Robert Robertson
                                                       Marko Duric
                                                       ROBERTSON DURIC
                                                       One North LaSalle, Suite 300
                                                       Chicago, IL 60602
                                                       (312) 223-8600
                                                       rob@robertsonduric.com
                                                       marko@robertsonduric.com