# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ELIJAH MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | 20-cv-04482 |
| | ) | Hon. Jorge L. Alonzo |
| vs. | ) | |
| | ) | Magistrate Judge Sunil Harjani |
| EVANSTON POLICE DETECTIVE LUIS | ) | |
| VELEZ; EVANSTON POLICE DETECTIVE | ) | |
| RYAN KLEINPASTE; and CITY OF | ) | |
| EVANSTON. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, City of Evanston ("City"), and Evanston Detectives Luis Velez and Ryan Kleinpaste (collectively "Defendants"), by and through their attorney, KELLEY A. GANDURSKI, Corporation Counsel, and through Nicholas E. Cummings, Deputy City Attorney, for their Joint Answer and Affirmative Defenses to Plaintiff Elijah Murphy's Complaint at Law, state as follows:

## PARTIES

1. At all relevant times, Mr. Murphy was a resident of Cook County, Illinois.

    **ANSWER:** Defendants admit the allegations contained in Paragraph 1.

2. At all relevant times, Defendant, Evanston Police Detective Luis Velez ("Velez"), was a resident of Cook County, Illinois and this Judicial District.

    **ANSWER:** Defendants admit the allegations contained in Paragraph 2.

3. At all relevant times, Defendant, Evanston Police Detective Ryan Kleinpaste ("Kleinpaste"), was a resident of Cook County, Illinois and this Judicial District.

**ANSWER:** Defendants admit the allegations contained in Paragraph 3.

4. Defendant, City of Evanston, Illinois ("Evanston"), is a municipal corporation located in Cook County, Illinois.

   **ANSWER:** Defendants admit the allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter, and venue in this District is proper because each of the individual Defendants resides in this District, the City of Evanston is a municipal corporation located in this district, and all the events and omissions giving rise to Mr. Murphy's claims occurred in this District. As set forth below, Mr. Murphy brings multiple counts under Federal law for civil damages pursuant to 42 U.S.C. §1983 for the deprivation of Plaintiff's Constitutional rights. This Court has jurisdiction pursuant to U.S.C. §1331 and §1343.

   **ANSWER:** Defendants admit the allegations contained in Paragraph 5.

## FACTUAL BACKGROUND

6. On or about May 28, 2018, in the early evening hours, Mr. Murphy was lawfully sitting in a car, located in a parking lot at or near the location of 825 Hinnman Avenue in Evanston, Illinois.

   **ANSWER:** **Defendants admit Mr. Murphy was sitting in a car, located in a parking lot at or near the location of 825 Hinnman Avenue in Evanston, Illinois. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that Mr. Murphy was there lawfully.**

7. Mr. Murphy was dropped off at the parking lot by friends, and was waiting to meet his girlfriend, whose mother has rented the vehicle Mr. Murphy was sitting in.

**ANSWER:** Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 7.

8. Mr. Murphy did not have any bags, guns, or drugs on his person – nor to his knowledge were there any in the car.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 8.

9. Mr. Murphy was not using or smoking marijuana in the car or anywhere near it.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 9.

10. Mr. Murphy exited the vehicle, and closed and locked it.

    **ANSWER:** Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 10.

11. There was no smell or stench of marijuana in or near the vehicle.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 11.

12. After Mr. Murphy got out of the car, he walked directly towards Defendants.

    **ANSWER:** Defendants admit the allegations contained in Paragraph 12.

13. Defendants Velez and Kleinpaste stopped Mr. Murphy and told Mr. Murphy that they needed to search him real quick or words to that effect.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 13.

14. Defendant Velez then used a key he obtained from Mr. Murphy to open and search the car.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 14.

15. Neither the Defendants asked Mr. Murphy's permission or received his authorization or consent prior to opening and searching the car. Mr. Murphy did not give the Defendants permission to open the car – or even take and use the key to do so.

    **ANSWER:** Defendants deny the allegations contained in Paragraph 15.

16. Defendant Velez then searched the car.

    **ANSWER:    Defendants admit Velez searched the vehicle.**

17. The Defendants arrested Mr. Murphy based upon a gun that they recovered during the search of the car. The gun was not in plain view or visible to Mr. Murphy; instead it was in a bag that was on the floor of the passenger side of the car. That bag did not belong to Mr. Murphy but rather his girlfriend. The possessions in that bag were identifiable to Mr. Murphy's girlfriend. There was no probable cause to believe the gun belonged to Mr. Murphy.

    **ANSWER:    Defendants admit Murphy was arrested, but deny the remaining allegations contained in Paragraph 17.**

18. As the basis for Mr. Murphy's arrest, Defendants claimed that they had probable cause to search the car based upon a purported strong odor or "stench" of marijuana outside the car. In fact, the Defendants falsely claimed that they could actually smell the strong "stench" of marijuana when they were across the parking lot from the car.

    **ANSWER:    Defendants admit the allegations contained in Paragraph 18.**

19. The Defendants took Mr. Murphy into custody that same night, and sought approval of felony charges from the Cook County State's Attorney's Office.

    **ANSWER:    Defendants admit the allegations contained in Paragraph 19.**

20. The Defendants provided a false police report and information to the Cook County State's Attorney's Office, falsely indicating that they detected a stench of marijuana and that Mr. Murphy possessed a firearm. The Defendants falsely indicated that the firearm was in plain view, concealing the fact that the firearm was in a bag belonging to someone else and not visible to Mr. Murphy.

    **ANSWER:    Defendants admit they told the Cook County State's Attorney's Office they detected a stench of marijuana and that Mr. Murphy possessed a firearm, but deny the remaining allegations contained in Paragraph**

**20.**

21. The incident report prepared by Velez included a number of false and fabricated claims, including that:

    (a)    There was a strong order of cannabis as the Defendants were "passing through" the parking lot;

    (b)    As they approached the vehicle Mr. Murphy was sitting in "the smell of cannabis intensified;"

    (c)    There was "a long black object protruding from an open black bag on the floor board just to the right of the gear shifter," which Velez recognized "to be a pistol magazine used to hold ammunition;" and

    (d)    "It should be noted, the handgun and extended magazine was protruding from the open small bag."

    **ANSWER:**    **Defendants deny the allegations contained in Paragraph 21, including the allegations contained in subparagraphs a - d.**

22. Defendant Kleinpaste related this false and fabricated information to a Felony Review Assistant State's Attorney, who approved the charge of Armed Habitual Criminal, 720 ILCS 5/24-1/7(a)(1)(2) – a Class X felony punishable by 6 to 30 years imprisonment.

    **ANSWER:**    **Defendants admit a Felony Review Assistant State's Attorney approved the charge of Armed Habitual Criminal, 720 ILCS 5/24-1/7(a)(1)(2), but deny the remaining allegations contained in Paragraph 22.**

23. This felony charge was approved based on the false information and report provided by the Defendants. As a result of the information supplied by Defendants, Mr. Murphy was also falsely charged with being in violation of his parole, pursuant to 720 ILCS 5/3/3-9; and of civil violation of 720 ILCS 550/4(a).

    **ANSWER:**    **Defendants deny the felony charge was approved based on false information. Defendants deny Murphy was falsely charged with being in violation of his parole.**

24. From the time of his arrest on the evening of May 28, 2018, until approximately October 17,

2018, Mr. Murphy was in custody of the Cook County Department of Corrections at Cook County Jail located at 26th and California in Chicago.

> **ANSWER:** **Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 24.**

25. During that time period, Mr. Murphy was detained and was forced to remain in the conditions of Cook County Jail, pending the outcome of the false State Court criminal proceedings instituted by Defendants.

> **ANSWER:** **Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 25.**

26. During that time period, Mr. Murphy was required to appear in Cook County Criminal Court on various occasions for a crime for which he had been charged but which he had not committed.

> **ANSWER:** **Defendants lack sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained Paragraph 26.**

27. On or about October 17, 2018, Mr. Murphy was taken in federal custody based on the false police report and false information provided by Defendants. The same false facts that were used as the basis for Mr. Murphy's arrest and charging in Cook County Criminal Court were used to charge him in federal court. Mr. Murphy was falsely charged in federal court, in the Northern District in Illinois, Eastern Division (Chicago), with being a felon in possession of a firearm, in violation of 18 U.S.C., Section 922(g)(1). Upon institution of the federal criminal proceeding, the Illinois state criminal proceeding was dismissed via *nolle prosequi* by the State.

> **ANSWER:** **Defendants admit Murphy was taken into federal custody, charged with being a felon in possession of a firearm, and that the Illinois state criminal proceeding was dismissed. Defendants deny the remaining**

                **allegations contained in Paragraph 27.**

28. Mr. Murphy was detained in federal custody from on or about October 17, 2018, until or about November 2018 – at which he was finally granted released from the MCC pending the outcome of the federal proceedings. However, even then, Mr. Murphy, pursuant to the term of his release from federal custody, was essentially limited to his place of residence and was at all times on electronic monitoring.

    **ANSWER:** **Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 28.**

29. In federal proceeding, on or about December 10, 2018, Mr. Murphy's counsel filed a motion to quash the arrest of Mr. Murphy, based upon the lack of probable cause to arrest him in the first instance.

    **ANSWER:** **Defendants admit the allegations contained in Paragraph 29.**

30. On April 10, 2019, in the federal proceeding, the Honorable Judge Kennelly held an evidentiary hearing on Mr. Murphy's motion to quash. At that hearing, both the Defendants testified under oath.

    **ANSWER:** **Defendants admit the allegations in Paragraph 30.**

31. Judge Kennelly read his Opinion from the bench. Judge Kennelly granted Mr. Murphy's motion to quash. In so finding, Judge Kennelly specifically found that the testimony of Defendants Velez and Kleinpaste was *not* credible.

    **ANSWER:** **Defendants admit the allegations contained in Paragraph 31.**

32. On May 1 2019, the United States Attorneys' Office for the Northern District of Illinois dismissed all charged against Mr. Murphy.

    **ANSWER:** **Defendants admit the allegations contained in Paragraph 32.**

**COUNT I – 42 U.S.C. § 1983 Unlawful Detention**
**(Against the Individual Defendants)**

33. Mr. Murphy repeats and realleges paragraphs 1 through 32 above, as though fully set forth herein, as paragraph 33 of Count I.

   **ANSWER:** **Defendants incorporate and re-state all of its answers to Paragraphs 1 through 32 as its answer to Paragraph 33 of Count I as though fully set forth herein.**

34. Defendants caused Plaintiff to be unreasonably seized and improperly subjected to judicial proceedings for which they knew there was no probably cause.

   **ANSWER:** **Defendants deny the allegations contained in Paragraph 34.**

35. Based on the false information supplied by Defendants, Mr. Murphy was unlawfully detained without probable cause in violation of the Fourth Amendment for nearly one year.

   **ANSWER:** **Defendants deny the allegations contained in Paragraph 35.**

36. As a result of the misconduct of the Defendants described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, lost wages, and other grievous and continuous injuries and damages.

   **ANSWER:** **Defendants deny the allegations contained in paragraph 36.**

**COUNT II – 42 U.S.C. § 1983 Conspiracy to Deprive Constitutional Rights**
**(Against the Individual Defendants)**

37. Mr. Murphy repeats and realleges paragraphs 1 through 32 above, as though fully set forth herein, as paragraph 37 of Count II.

   **ANSWER:** **Defendants incorporate and re-state all of its answers to Paragraphs 1 through 32 as its answer to Paragraph 37 of Count II as though fully set forth herein.**

38. The individual Defendants reached an agreement among themselves to deprive Mr. Murphy of his constitutional rights by unlawfully stopping and searching Mr. Murphy, fabricating

evidence that would be used to arrest and prosecute Plaintiff, and withholding exculpatory information from Plaintiff's defense and the prosecution, as described above.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 38.**

39. In addition, Defendants agreed among themselves to protect one another from liability for depriving Plaintiff of these rights.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 39.**

40. In so doing, Defendants conspired to accomplish an unlawful purpose by an unlawful means.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 40.**

41. In furtherance of their conspiracy, each of the Defendants committed overt acts and were otherwise willful participants in joint activity.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 41.**

42. The misconduct described in this court was objectively unreasonable and was undertaken intentionally, with malice, with reckless indifference to the rights of Mr. Murphy.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 42.**

43. As a result of Defendants' misconduct described in this count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuous injuries and damages.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 43.**

**COUNT III – Indemnification (Against City of Evanston)**

44. Mr. Murphy repeats and realleges paragraphs 1 through 32 above, as though fully set forth herein, as paragraph 44 of Count III.

**ANSWER:** **Defendants incorporate and re-state all of its answers to Paragraphs 1 through 32 as its answer to Paragraph 44 of Count IiI as though fully set forth herein.**

45. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. *See* 735 ILCS 10/9-102. 77.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 45.**

46. Here, the individual Defendants are and were acting as employees of Evanston, and acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** **Defendant admits the allegations contained in Paragraph 46.**

WHEREFORE, Defendants pray the allegations against them be dismissed, and judgment entered in favor of Defendants and against Plaintiff and Defendants be awarded reasonable attorney's fees, costs and other such relief as this Court deems just.

## AFFIRMATIVE DEFENSES

Defendant, City of Evanston ("City"), and Evanston Detectives Luis Velez and Ryan Kleinpaste (collectively "Defendants"), by and through their attorney, KELLEY A. GANDURSKI, Corporation Counsel, and through Nicholas E. Cummings, Deputy City Attorney assert the following affirmative defenses:

1. Defendants Luis Velez and Ryan Kleinpaste, conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights under the circumstances. Accordingly, Defendants are entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims.

2. Defendants Luis Velez and Ryan Kleinpaste cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless he or she individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. Plaintiff cannot recover punitive damages for claims against Defendants in their official capacity. *See Holly v. City of Naperville, 571 F. Supp. 668 (N.D. Ill. 1983).*

4. The City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

## JURY DEMAND

Defendant, City of Evanston ("City"), and Evanston Detectives Luis Velez and Ryan Kleinpaste (collectively "Defendants"), hereby demand a jury trial for all issues so triable.

Respectfully submitted,

KELLEY A. GANDURSKI
Corporation Counsel

/s/ Nicholas E. Cummings

Nicholas E. Cummings
Deputy City Attorney
City of Evanston Law Department
Morton Civic Center
2100 Ridge Ave
Evanston, IL 60201
(847) 866-2937
ncummings@cityofevanston.org